IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER MRINA, | ) | |
|                Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-2182-N |
| | ) | ECF |
| ERIC HOLDER, ET AL., | ) | |
|                Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Factual background**

Petitioner filed this petition pursuant to 28 U.S.C. § 2241. Petitioner is an alien detainee who is subject to a final order of removal.

Petitioner is a native and citizen of Tanzania. On September 14, 1999, he was admitted to the United States as a nonimmigrant visitor. He was authorized to stay in the United States until May 5, 2000. He remained past his authorized stay without permission. Petitioner was later arrested in Dallas County for theft by check. On August 1, 2007, he was placed in immigration proceedings with a Notice to Appear. Petitioner was found removable as charged. The only relief he sought was voluntary departure. On October 18, 2007, Petitioner was granted voluntary departure. Petitioner did not file a notice of appeal, and the removal order became final on

October 18, 2007.

On November 23, 2007, Petitioner filed a motion to reopen the removal proceedings. On December 20, 2007, the motion was denied. On March 19, 2008, Petitioner filed a second motion to reopen with the immigration judge.

On May 8, 2008, Respondent submitted a travel document application package to the Embassy of Tanzania. On June 16, 2008, Respondent contacted the Embassy of Tanzania and was informed that the Embassy would not issue a travel document while immigration proceedings were still pending.

On October 23, 2008, the Board of Immigration Appeals affirmed the denial of Petitioner's motion to reopen. On November 24, 2008, Petitioner filed a third motion to reopen the proceedings. This motion is currently pending.

On December 10, 2008, Petitioner filed this petition pursuant to 28 U.S.C. § 2241. He argues that his continued detention pending removal violates his constitutional rights. He seeks release from detention while his immigration proceedings are pending before the immigration courts. On January 20, 2009, Respondent filed its answer. On April 14, 2009, Petitioner filed a reply. The Court finds the petition should be denied.

## II. Discussion

The authority to detain aliens after the entry of a final order of removal is set forth in section 241(a) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1227(a)(1)(B). Pursuant to that provision, the Attorney General is afforded a ninety-day period to remove an alien from the United States following the entry of a final order of removal. 8 U.S.C. § 1231(a)(1). During the removal period, the Attorney General shall detain the alien. 8 U.S.C.

§ 1231(a)(2).

An alien may be detained beyond the removal period if: (1) he is inadmissable to the United States; (2) removable for a violation of his nonimmigrant status; (3) removable for the commission of certain criminal acts; (4) removable as a national security risk; or (5) one who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that section 241(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id*. at 689. The Court stated that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699.

The *Zadvydas* Court designated six months as a presumptively reasonable period of post-order detention. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

Petitioner states he has been in detention since August 1, 2007. He states his continued detention pending removal violates the prohibitions stated in *Zadvydas*. Respondent argues that Petitioner has prevented his timely removal by continuing to file motions to reopen his removal proceedings. The Embassy of Tanzania will not issue Petitioner travel documents until Petitioner has no pending immigration proceedings. Petitioner argues he is entitled to avail himself of all possible proceedings to challenge his removal.

Petitioner cannot make the necessary showing that he is entitled to relief under *Zadvydas*.

He has failed to show that Tanzania will not accept him once his immigration proceedings are no longer pending. Additionally, Petitioner's actions have caused his removal to be delayed. He has continued to file motions to reopen his removal proceedings, which has prevented his removal to Tanzania. The petition should therefore be dismissed. *See Apau v. Ashcroft*, No. 3:02-CV-2652-D, 2003 WL 21801154 at *3, (N.D. Tex. June 17, 2003) (stating that to the extent Petitioner holds the keys to his jail cell, he cannot complain about his continued detention when he hides those keys).

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition be dismissed without prejudice to the right to file a new petition if circumstances change.

Signed this 11th day of May, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).